MEMORANDUM DECISION AND JUDGMENT ENTRY.
The first assignment of error, which alleges that the trial court erred in accepting defendant-appellant Douglas Redden's plea of guilty to aggravated vehicular homicide because the court failed to comply with Crim.R. 11(C), is overruled. Following a review of the record, we hold that the trial court meaningfully informed Redden in a reasonably intelligible manner that he was waiving his rights to trial by jury and to confront his accusers. See Boykin v. Alabama(1969), 395 U.S. 238, 89 S.Ct. 1709; Statev. Ballard(1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
Further, in informing Redden of his nonconstitutional rights, the trial court substantially complied with Crim.R. 11(C), because, under the totality of the circumstances, Redden objectively understood the implications of the guilty plea and the rights he was waiving. See State v. Nero(1990), 56 Ohio St.3d 106,564 N.E.2d 474. Redden clearly understood the nature of the charges against him and the maximum penalty he faced. The trial court engaged Redden in a colloquy in which it explained his rights. Redden executed a waiver expressly detailing the possibility of administrative sentence extension pursuant to R.C.2943.032. The trial court substantially complied with its Crim.R. 11(C) and statutorily imposed duties even though it did not personally inform Redden about the possibility of administrative sentence extension. See State v. Griffin(July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported.
The second assignment of error, which alleges that the trial court erred in sentencing Redden to the maximum term permitted by statute, is overruled. Since the enactment of Senate Bill 2, an appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the evidence or is contrary to law. State v. Napier(Aug. 28, 1998), Hamilton App. No. C-970383, unreported; State v. Garcia
(Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported; Statev. Sheppard(Nov. 7, 1997), Hamilton App. No. C-961083, unreported.
Redden was sentenced to five years in prison, the maximum term permitted by statute. Pursuant to R.C. 2929.14(C) and2929.19(B)(2)(d), the trial court may impose the maximum sentence if it finds that the offender "committed the worst form of the offense" or poses "the greatest likelihood of committing further crimes." State v. Napier, supra; State v. Garcia, supra.
The trial court, in sentencing Redden, indicated that it had considered various reports, including the presentence-investigation report, victim-impact statements and medical reports. The court also stated that it had considered the "history of the case," the "lengthy record" and the many letters it had received. The trial court found, pursuant to R.C.2929.12(B), the "more serious" factors, including that the victim suffered "serious physical/emotional/psychological trauma." The court found none of the less serious factors under R.C.2929.12(C). Pursuant to R.C. 2929.12(D), the trial court found that recidivism was likely due to Redden's alcohol and drug problems, and his illness conducive to loss of control. Further, the court found under R.C. 2929.14(B) that the imposition of the shortest term would demean the seriousness of the offense, and would not adequately protect the public. The trial court also found that Redden had committed the worst form of the offense pursuant to R.C. 1919.14(C), based upon the nature of the offense.
Following a review of the record, we cannot say that the trial court's conclusion was not supported by clear and convincing evidence, or that it was contrary to law. See State v. Napier,supra.
The third assignment of error alleges that R.C. 2929.20(B)(3) is unconstitutional as applied to Redden because it violates his right to equal protection of the law.
R.C. 2929.20(B) provides that an eligible offender may file a motion for judicial release. R.C. 2929.20(B)(3) states that "[i]f the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term." Redden argues that because his term is exactly five years, judicial release is not a possibility for him under R.C.2929.20(B)(3), since he will have served his entire term before he is eligible to apply for judicial release. Therefore, Redden argues, his constitutional right to equal protection of the law is violated because offenders sentenced to terms other than five years are eligible to apply for judicial release prior to serving their entire terms.
Redden pleaded guilty to aggravated vehicular homicide while driving under suspension, in violation of R.C. 2903.06. R.C.2903.06(C) provides that "if in the commission of the offense the offender was driving under suspension * * * the offender shall be sentenced to a mandatory prison term and shall not be eligible * * * for judicial release pursuant to section 2929.20 of the Revised Code[.]" Pursuant to R.C. 2903.06, Redden is not eligible to apply for judicial release pursuant to R.C. 2929.20(B)(3). R.C. 2929.20(B)(3) is inapplicable in Redden's case. The third assignment of error is overruled, and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Doan, P.J., Hildebrandt and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on June 11, 1999 per order of the Court _______________________________. Presiding Judge